VERA SPARROW ROBERTS, ADMINISTRATRIX OF D. I. ROBERTS, DECEASED, ET AL., V. CITY ICE AND COAL COMPANY, EMPLOYER; NORTHWESTERN CASUALTY AND SURETY COMPANY, AND UNION INDEMNITY COMPANY, CARRIERS.

(Filed 29 April, 1936.)

1. **Master and Servant F a—Employer is liable for award upon default of insurance carrier because of insolvency.**

An award was entered in favor of the dependents of a deceased employee for payment of compensation in weekly installments for the death of the employee. After the insurance carrier had paid several installments, it defaulted in the payment of the balance of the installments because of insolvency. *Held:* Under the provisions of the Compensation Act the employer is primarily liable to the employee, which obligation is unimpaired by its contract with an insurer for insurance protection, or by the insurer's subrogation to the rights of the employer upon paying or assuming the payment of an award, and the employer is not relieved of its liability to the dependents of the deceased employee for the balance of the weekly payments because of the insolvency of the insurer.

2. **Same—**

The Workmen's Compensation Act must be construed with reference to its primary purpose to provide compensation for injured employees and dependents of deceased employees.

3. **Same—Where insurer recovers from third person and then defaults in paying award, employer is liable for balance of award.**

The dependents of a deceased employee elected to pursue their remedy under the Compensation Act, and recovered compensation payable in weekly installments. Thereafter, the insurer, upon assuming liability under the award, instituted suit in the name of the administratrix of the deceased employee against the third person tort-feasor and recovered judgment. Insurer retained an amount sufficient to compensate it for the award and paid the excess to the employee's widow under order of the Industrial Commission. Thereafter, the insurer became insolvent and for that reason was unable to pay the balance of the award. *Held:* The administratrix was only a nominal party to the suit against the third person tort-

feasor and had no control over the recovery and could not safeguard it for the purpose of paying the award, and the employer, who selected the insurance carrier for his own protection, is not relieved of his primary obligation to the dependents of the employee by reason of the insurer's recovery from the third person and default in payment because of insolvency, nor does the fact that the employer had no notice of the suit by the insurer against the third person alter this result, the insurer and the employer having a community of interest, and the failure of the insurer to notify the employer not being chargeable to the dependents of the deceased employee.

**4. Master and Servant F h—Award may not be reduced, but may be enlarged by subsequent suit by employer or insurer against tort-feasor.**

After assuming liability for an award to the dependents of a deceased employee, the insurer brought suit against the third person tort-feasor and recovered judgment in excess of the amount necessary to compensate it for the award, which excess was paid to the dependents of the employee under orders of the Industrial Commission. Thereafter the insurer became insolvent and defaulted in payment of the balance of the award. *Held:* The employer, held liable for the balance of the award, is not entitled to a credit for the amount paid the dependents out of the judgment against the third person tort-feasor or for the amount paid plaintiff's attorneys in that action, the amount paid the dependents out of the judgment being an amount in addition to the award, and the award not being subject to reduction by such amount.

STACY, C. J., dissents.

APPEAL by defendant Ice and Coal Company from *Barnhill, J.,* at January Term, 1936, of WAKE. Affirmed.

This case arose under the act known as the North Carolina Workmen's Compensation Act. The facts as they appear from the findings and opinion of the North Carolina Industrial Commission are substantially these:

D. I. Roberts, an employee of defendant Ice Company, was accidentally killed while in the service of the Ice Company, as result of coming in contact with live tension wires of the Carolina Power and Light Company. Defendant Ice Company was insured against liability by the Northwestern Casualty and Surety Company, whose business was afterwards taken over by the New York Indemnity Company, and the liability of the latter was afterwards assumed by Union Indemnity Company. The New York Indemnity Company was represented by Thomas Creekmore, attorney of Raleigh. On 29 May, 1930, an award was made by the North Carolina Industrial Commission against the Ice Company and its insurance carrier for the payment of compensation to the plaintiff widow and four infant children at the rate of $15.72 per week for 350 weeks, plus $200.00 burial expenses. On 22 November, 1930, the New York Indemnity Company, through its attorneys,

Thomas Creekmore and Murray Allen, gave notice to the Carolina Power and Light Company that the award had been made, and that under the subrogation provision of the Workmen's Compensation Act it had elected to institute suit in the name of the plaintiff Vera Sparrow Roberts, administratrix of D. I. Roberts, against Carolina Power and Light Company for the purpose of recovering damages for the death of D. I. Roberts. Suit in the name of plaintiff administratrix against Carolina Power and Light Company was accordingly instituted, and resulted in a consent judgment and recovery of $7,250. Judgment was consented to by plaintiff's attorney, J. C. Ray, and by Messrs. Creekmore and Allen, attorneys for New York Indemnity Company, and was approved by the North Carolina Industrial Commission. The Carolina Power and Light Company paid the judgment by check payable to the clerk of the Superior Court of Wake County, and the check was endorsed by the clerk to the order of Thos. Creekmore, appearing as counsel for plaintiff in that suit. The New York Indemnity Company, or its successor, Union Indemnity Company, under the order of the Industrial Commission, paid to the plaintiff $866.74, the excess over the amount due under the award, and paid $250.00 to her attorney, and retained the remainder for the reimbursement of itself for amounts paid and to be paid under the award.

The New York Indemnity Company or Union Indemnity Company (which had assumed the liability of the former) continued to make payments to plaintiff on behalf of herself and her infant children in accordance with the award until December, 1932, at which time the Union Indemnity Company went into receivership. At that time there was a balance due under the award of $3,348.36, or payments for 203 weeks. No additional payments have since been made. No notice of the suit nor of the settlement with the Carolina Power and Light Company was given the Ice Company.

After the discontinuance of payments the plaintiff, on behalf of herself and children, brought the matter to the attention of the Industrial Commission, and an order was made by the Commission holding that the defendant Ice Company, the employer, was liable under the original award, and that it was entitled to credit thereon only for compensation which had been actually paid and for funeral expenses paid.

In the findings and opinion of the North Carolina Industrial Commission the following portions of the Workmen's Compensation Act are quoted:

"Any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer, or for which he is liable, shall be held by the employer for the benefit of the injured employee or other persons entitled thereto, less such amounts as are paid

by the employer for reasonable expenses and attorneys' fee when approved by the Commission."

"When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable, or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its own name or in the name of the injured employee or his personal representatives: *Provided, however,* nothing herein shall be construed as conferring upon the insurance carriers any other or further rights than those existing in the employer at the time of the injury to his employee, anything in the policy of insurance to the contrary notwithstanding."

Section 67 reads in part: "Every employer who accepts the provisions of this act relative to the payment of compensation shall insure and keep insured his liability thereunder, or shall furnish to the Industrial Commission satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due, as provided for in this act."

Section 68-b reads in part: "Any employer required to secure the payment of compensation under this act, who refuses or neglects to secure such compensation shall be punished by a fine of ten cents for each employee at the time of the insurance becoming due, but not less than one dollar nor more than fifty dollars for each day of such refusal or neglect, and until the same ceases; and he shall be liable during continuance of such refusal or neglect to an employee either for compensation under this act or at law in the same manner as provided in section 15."

From the order of the North Carolina Industrial Commission holding the employer liable under the original award, the defendant Ice Company appealed to the Superior Court, and from judgment of the Superior Court affirming the findings and order of the Industrial Commission, defendant appealed to this Court.

*Bonner D. Sawyer for plaintiff.*

*J. C. Little and Morehead & Murdock for City Ice and Fuel Company, appellant.*

Devin, J. Two questions are presented here:

(1) Was the employer, under the Workmen's Compensation Act, relieved of liability for the payment of the balance of an award for the benefit of the widow and children of the employee by reason of the insolvency of the insurance carrier?

(2) Under these circumstances, was the employer discharged of liability by reason of the fact that the insurance carrier brought suit in the name of the administratrix of the employee against a third party and recovered an amount sufficient to pay the award in full, which amount the insurance carrier received and was thereafter unable to pay by reason of insolvency?

Standing alone, the proposition that the employer under the Workmen's Compensation Act should be relieved of liability for the compensation to his injured employee by reason of the insolvency of his insurance carrier would present no serious difficulty. The liability of the employer under the award is primary. He, by contract, may secure liability insurance for his protection, but his obligation to the injured employee is unimpaired. As was said in *C. & O. R. R. v. Palmer,* 140 S. E. (Va.), 831: "Into the construction of every act must be read the purpose of the Legislature, and the underlying purpose in this instance (Workmen's Compensation Act) was to give relief to workmen. This relief in the nature of things had to be charged against the employer."

The primary consideration is compensation for injured employees. In the words of *Brogden, J.,* in *Hodges v. Mortgage Co.,* 201 N. C., 701, "The title and theory of the act import the idea of compensation for workmen and their dependents."

The statute requires the employer to insure and keep insured his liability or furnish proof of his own ability to pay the compensation. It is further provided that insolvency of the employer shall not relieve the insurer, and manifestly the insolvency of the insurer should not relieve the insured, nothing else appearing. The obligation of the insurance company is to insure the employer against liability under the act, and while the statute gives to insurer the right of subrogation, that is for the benefit of the insurer and not intended to impair the right of the injured workman to compensation from the insured employer.

But here the defendant Ice Company, the employer, contends that where the insurance carrier, after paying a part of the award, brings a suit in the name of the injured employee against a third party and recovers and receives an amount in excess of the award, and, after paying such excess to the employee, appropriates the remainder to itself to reimburse itself for payments made and to be made, and then becomes insolvent, a different question is presented. It is contended that since the plaintiff, administratrix of deceased employee, was party to the suit against the tort-feasor, the Carolina Power and Light Company, even though she was merely a nominal party, and received part of the recovery, to wit, the excess over the amount of the award, she was in position to have required that the fund be retained within the jurisdiction of the court or the Commission, and having failed to take steps to safeguard

the fund which should have been held in trust to secure the payment of the award to her, and thus prevent the resulting loss, the employer is thereby relieved and discharged of its obligation to make the payments as to which the insurance carrier is in default and cannot now respond; that, having no notice of the suit, it had no opportunity to protect itself.

The facts, however, set out in the findings and opinion of the Industrial Commission, which by agreement constitute the case before us, and the principles of law deducible therefrom, do not sustain these contentions. The plaintiff Vera Sparrow Roberts, as administratrix of her deceased husband, the employee, was only a nominal party to the suit against the Carolina Power and Light Company. She had no control over it. At the outset the law gave her the election to pursue her remedy under the act, or against the Carolina Power and Light Company. Her election of the former precluded the latter. But the statute gave the employer the right to sue in her name for reimbursement from the third party, and by subrogation the same right, no more, no less, was given to the insurance carrier when it paid the compensation or assumed liability therefor.

"For the protection of the employer and for the proper distribution of the recovery, it (the Act) provided that one action should be brought, and that by the employer. All this was for his benefit." *C. & O. R. R. v. Palmer, supra.*

In *Brown v. R. R.,* 202 N. C., 256, opinion by *Connor, J.,* we find this language: "The action is prosecuted, not in behalf of the injured employee, but in behalf, primarily, of the employer or the insurance carrier. The amount recovered is applied first to reimbursement of the employer or the insurance carrier for such sums as may have been paid by either of them to the employee. Only the excess, if any, is payable to the injured employee."

Indeed, the injured employee, to whom an award has been made, is not the real party in interest. *McCarley v. Council,* 205 N. C., 370.

In the instant case formal notice was given the Power Company that the suit against it was being prosecuted by the New York Indemnity Company, in the name of plaintiff administratrix, by its attorneys, Messrs. Creekmore and Allen. The recovery was turned over by the clerk of the Superior Court of Wake County, where the case was tried, to Mr. Creekmore, who was attorney for the Indemnity Company. The fund was disbursed by the Indemnity Company pursuant to order of the Industrial Commission by paying the plaintiff the excess of the recovery over the award, less certain expenses, and permitting the insurer to retain the remainder for the reimbursement of itself for payments made and to be made. The plaintiff had no control over the disposition of the fund. This was 9 May, 1932, and in December, 1932, the Union

Indemnity Company, which had assumed the liability of the New York Indemnity Company, went into receivership, leaving unpaid a balance due under the award to the plaintiff.

It would seem, looking back on it now, that if the fund had been secured, or retained within the jurisdiction of the court, or had the Indemnity Company been required presently to pay the entire balance of the award, this unfortunate situation would probably not have arisen. A loss has been occasioned by the insolvency of the Indemnity Company.

But to hold that the plaintiff widow and her infant children, the beneficiaries, should suffer for the failure to safeguard the fund in the hands of the insurance carrier which had been selected by the employer, and to provide against the carrier's subsequent default, would seem to require of her greater foresight and care than was exercised by the Commission and the careful attorneys appearing in the case, and would tend to defeat the primary object of the Act, to wit, to provide for the widow and children of an employee who was killed while in discharge of his duty to his employer.

Neither the employee nor this plaintiff had any voice in the selection of the insurance carrier chosen by the defendant Ice Company. The plaintiff was not in law charged with responsibility for its solvency. She had no knowledge of nor right to interfere with or question the successive changes in the identity of the defendant's insurance carriers. She had a right to rely on the employer's care for his own protection in the selection of solvent insurers.

In the matter of the original award the defense was handled by the employer's insurance carrier by its attorney, Mr. Creekmore, who also prosecuted the suit against the third party and for it received the recovery, nominally acting for the plaintiff, but in reality the attorney of the New York Indemnity Company. The employer under the law had the right at the outset to institute suit in the name of the plaintiff against the Carolina Power and Light Company if it had seen fit to do so, but was precluded from doing so after the Indemnity Company had brought the suit and occupied the Ice Company's shoes in that respect. It is found that the Ice Company had no notice of that suit. There being a community of interest between the insurer and insured, the failure of the one to inform the other of action taken with respect to a common interest should not be held to the discredit of the plaintiff, or prevent her from claiming the remainder of the award. The suit was prosecuted in the county where the employer was doing business, by its chosen insurance carrier. The plaintiff, the widow of the deceased employee, was at all times a resident of another county.

The defendant's contention that it should have credit for the "excess" received by the plaintiff cannot be sustained. There is nothing in the

statute to indicate an intent that the "excess" should go as a credit to the employer on his obligation to compensate the employee. It is an additional amount accruing for the benefit of the employee. And the same rule applies to the fee of plaintiff's attorney. The amount originally awarded may not be reduced, but may be enlarged by subsequent suit by the employer or insurance carrier against a tort-feasor. Nor is the right of the plaintiff affected by the insolvency of the insurance carrier.

The Industrial Commission carefully considered this case and reached a unanimous decision in favor of the plaintiff on the facts found. On appeal the able and careful judge of the Superior Court approved and affirmed that decision, and in this we find no error.

As the case is presented to this Court, we conclude that defendant City Ice and Coal Company is liable under the original award of the North Carolina Industrial Commission for the unpaid balance on the compensation to the plantiff Vera Sparrow Roberts, administratrix of D. I. Roberts, and her children.

Affirmed.

STACY, C. J., dissents.