**Daniel J. COLAIANNIA, Special Deputy Commissioner of Insurance and Receiver for Aspen Indemnity Corporation, Petitioner–Appellee,**

v.

**ASPEN INDEMNITY CORPORATION, a Colorado corporation in liquidation, Respondent–Appellee,**

**and Concerning Tennessee Insurance Guaranty Association, Claimant–Appellant.**

**No. 93CA1562.**

Colorado Court of Appeals,
Div. II.

Oct. 6, 1994.

Frank & Finger, P.C., Thomas Frank, Evergreen, for appellees.

Hall & Evans, L.L.C., Alan Epstein, Robert M. Ferm, Alan J. Schmitz, Denver, for appellant.

Opinion by Judge PLANK.

Tennessee Insurance Guaranty Assoc. (TIGA) appeals the trial court's order denying TIGA's motion for allowance of late filed proofs of claim in the liquidation proceedings of respondent-appellee, Aspen Indemnity Corporation (Aspen). We affirm.

Aspen issued a general liability insurance policy to Taylor Machinery Company (Taylor). On September 6, 1984, the trial court placed Aspen in liquidation. December 31, 1985, was established as the deadline for the filing of all proofs of claim against Aspen pursuant to insurance policies it had issued. On June 1, 1986, six months after the deadline, TIGA filed an open-ended proof of claim with the Aspen receiver, Daniel J. Colaiannia, in an attempt to retain its right to reimbursement for all claims it may have had to pay as a result of Aspen's insolvency.

At issue in this case is whether TIGA may be reimbursed for monies expended in defending and settling a claim against Taylor by an individual who was injured by Taylor-made machinery. The claimant was injured in July 1984, but did not file an action against Taylor until February 1989. TIGA learned of the action one month later and, on April 3, 1989, notified the Aspen receiver of the claim. Subsequently, the receiver notified TIGA that the claim would not be allowed because it was not filed prior to the December 31, 1985, deadline, as required by statute. The motion and order at issue here followed.

The Colorado Insurance Guaranty Association Act (CIGA Act) provides that the receiver of an insolvent insurer, such as the Aspen receiver, is bound by "covered claim" settlements made by guaranty associations in

states other than Colorado, for example, TIGA. Section 10–4–511(2), C.R.S. (1987 Repl.Vol. 4A). Under the CIGA Act, a "covered claim" is an unpaid claim which arises out of and is within the coverage of an insurance policy issued by an insurer that becomes insolvent. Section 10–4–503(4) C.R.S. (1987 Repl.Vol. 4A). However, the Act specifically excludes claims filed with the receiver after the deadline for the filing of proofs of claim: "[N]otwithstanding any other provision of this part 5, a covered claim shall not include any claim filed with the guaranty fund after the final date set by the court for the filing of claims against the liquidator or receiver of an insolvent insurer." Section 10–4–508(1)(a), C.R.S. (1987 Repl.Vol. 4A).

The Uniform Insurer's Liquidation Act (Uniform Act), § 10–3–501, et seq., C.R.S. (1987 Repl. 4A), also applies in this case, as the claim is made by a nonresident of Colorado against a liquidated insurer within Colorado.

The Uniform Act, in effect in both Colorado and Tennessee, sets forth the requirements for filing and proving claims of nonresidents against delinquent insurers domiciled in Colorado. It explicitly requires all such claims to be "filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings." Section 10–3–505(1), C.R.S. (1987 Repl.Vol. 4A).

Here, as noted above, December 31, 1985, was established as the last date for the filing of claims against Aspen, and TIGA first filed an open-ended proof of claim June 1, 1986. Furthermore, TIGA admits that it received proper notice of the liquidation and of the cut-off date for filing claims against Aspen. TIGA offers no explanation for filing its initial proof of claim six months after that deadline.

The plain language of the Uniform and CIGA Acts requires that claims by residents of both Colorado and ancillary states be filed before the established deadline has passed. Regardless of whether an open-ended proof of claim is sufficient in Colorado to protect a guaranty association's rights to reimbursement once the amount of such claims are determined, TIGA's open-ended proof of claim was filed too late and TIGA had re-

ceived proper notice of the claim deadline. Thus, the trial court did not err in denying TIGA's motion for allowance of late-filed claims.

Accordingly, the order is affirmed.

HUME and ROY, JJ., concur.