TED THOMAS TUCKER, EMPLOYEE-PLAINTIFF v. WORKABLE COMPANY, INC., D/B/A ABLE BODY LABOR, EMPLOYER, IAEA BENEFIT TRUST/ROSS FULLER, TRUSTEE, CARRIER, DEFENDANTS

No. COA97-1131

(Filed 16 June 1998)

1. **Workers' Compensation § 100 (NCI4th)— Industrial Commission opinion and award—federal order staying all litigation—no violation**

The Industrial Commission did not violate a federal order staying all litigation against the insurer in a workers' compensation action by issuing an opinion and award. The Commission did not decide issues relating to defendant employer's insolvent insurance carrier; the only issues determined by the Commission were those between plaintiff employee and defendant employer. Additionally, the Commission found the employer to be uninsured because the insurer is not qualified in North Carolina and the employer had no copy of an insurance policy on file. Finally, even though the insurance carrier is insolvent, the employer remains primarily liable to an employee for a workers' compensation award.

**2. Workers' Compensation § 412 (NCI4th)— amount of average weekly wage—erroneous—not raised in notice of intent to appeal—not waived**

The Industrial Commission erred in a workers' compensation action when it refused to reconsider the amount of plaintiff's actual weekly wage where the amount was incorrect but the Commission determined that the issue was not preserved on appeal to the full Commission. It is the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties and compensation is properly based on the loss of ability to earn. Since an employee's recovery should be based on his actual loss of wages, the matter was remanded to the Commission for reconsideration of the amount of plaintiff's average weekly wage.

**3. Workers' Compensation § 301 (NCI4th)— cessation of payments by insurer—responsibility of employer**

The Industrial Commission did not err by holding the employer responsible for the insurer's cessation of payments where the insurer erroneously determined that plaintiff had reached maximum capacity. The employer remains primarily liable to an employee for a workers' compensation award.

**4. Workers' Compensation § 290 (NCI4th)— payments terminated without approval—credit for payments made—wrongfully refused**

The Industrial Commission erred by refusing to credit payments made to plaintiff where the insurer arranged for medical treatment and paid plaintiff some temporary total disability but terminated payments without Industrial Commission approval. Since defendant accepted plaintiff's injury as compensable and thereafter initiated the payment of benefits, those payments were due and payable and were not deductible. N.C.G.S. § 97-42.

**5. Workers' Compensation § 301 (NCI4th)— late payments—penalty**

The Industrial Commission erred by penalizing the employer for terminating payments without approval of the Commission through the disallowance of credit for payments made, but had authority under N.C.G.S. § 97-18 to assess a 10% penalty and there was competent evidence to support the Commission's decision to assess a 10% penalty for late payments based on termination of payments without Commission approval.

**6. Workers' Compensation § 471 (NCI4th)— costs and attorneys' fees—findings sufficient**

Although defendant-employer contended that the Industrial Commission erred by imposing a penalty of attorneys' fees and costs, the Commission's findings provide competent evidence to support the conclusion that defendant employer was responsible for the costs and attorneys' fees and the award was affirmed. N.C.G.S. § 97-80; N.C.G.S. § 97-88.1.

Appeal by defendant Workable Company, Inc., d/b/a Able Body Labor from opinion and award entered 15 April 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 29 April 1998.

*Randy D. Duncan for plaintiff appellee.*

*Patrick, Harper & Dixon, L.L.P., by Gary F. Young, for Workable Company, Inc., d/b/a Able Body Labor, defendant appellant.*

HORTON, Judge.

Defendant Workable Company, Inc., d/b/a Able Body Labor ("Able Body") is a Florida company with an office and place of business in Newton, North Carolina. On 10 May 1995, plaintiff was employed by Able Body as a carpenter. On that date, plaintiff was working on the roof of a condominium and fell from the roof, injuring his back and leg. Plaintiff was examined by a doctor and released for light duty work 25 May 1995, but he was restricted to lifting no more than 15 pounds, with no repetitive bending, stooping or lifting. Plaintiff claimed that Able Body had no light work. Thereafter, plaintiff moved to Alabama to be near his widowed mother and had not returned to gainful employment at any time pertinent herein.

On 10 May 1995, Able Body had workers' compensation coverage with defendant IAEA Benefit Trust/Ross Fuller, Trustee ("IAEA"). IAEA had its coverage adjusted by National Affiliated Adjustment Company at all relevant times.

On 31 July 1995, plaintiff served an executed Form 18 Notice of Accident to Employer. On the Form 18, plaintiff set out his average weekly wage of $262.50, and was paid temporary total compensation based on that wage from 10 May 1995 through 1 February 1996. On 13 September 1995, plaintiff filed a Form 33 Request for Hearing because "[d]efendants are paying compensation and medi-

cal expenses, but adjuster contends they are not required to file Form 21 or other jurisdictional documents with N.C. Industrial Commission." On 1 February 1996, IAEA terminated plaintiff's benefits based on its belief that plaintiff had reached maximum medical improvement.

A hearing was held in Newton on 14 March 1996 before Deputy Commissioner Mary Moore Hoag. At the hearing, the parties stipulated that plaintiff's average weekly wage was $659.70 per week, yielding a compensation rate of $440.02. The Deputy Commissioner found that: Able Body had no light work available on 25 May 1995; plaintiff used a cane to ambulate, had chronic pain, had not reached maximum medical improvement, and was unable to return to work; and there was no justifiable basis for the termination of plaintiff's benefits. Deputy Commissioner Hoag also found that Able Body did not have a policy of workers' compensation insurance on file with the Industrial Commission or the North Carolina Department of Insurance and was, therefore, non-insured for workers' compensation in North Carolina.

At the hearing, IAEA contended it was not bound by the North Carolina Workers' Compensation Act since it participated in a multi-state plan administered by an IAEA Benefit Trust. The Deputy Commissioner found that defendants Able Body and IAEA had refused to file a Form 21 or otherwise comply with the North Carolina Workers' Compensation Act, despite efforts to have them do so. The Deputy Commissioner issued an opinion and award granting benefits to plaintiff, and assessing penalties, transportation expenses, costs and attorneys' fees against defendants.

Able Body filed an application asking the Full Commission to review the opinion and award. On 3 January 1997, Able Body filed a Form 44 Application for Review alleging error because the opinion and award by Deputy Commissioner Hoag dated 16 October 1996 violates the stay order issued by the United States District Court for the Middle District of Tennessee, Nashville Division, dated 20 May 1996 and 10 June 1996. In support of its assignment of error, Able Body attached copies of orders issued by the Honorable Todd J. Campbell, United States District Court Judge for the Middle District of Tennessee, stating "all litigation and other proceedings, wherever filed, against the International Association of Entrepreneurs of America Benefit Trust, or its assets, are stayed, except for actions expressly permitted by leave of Court."

Thereafter, Able Body filed the affidavit of an employee, which detailed communication problems with its prior attorney, Able Body's lack of knowledge that IAEA was not an accepted workers' compensation insurance carrier in North Carolina, and also challenged the accuracy of the stipulated average weekly wage of $659.70 per week, and the finding that no light work was available for plaintiff when he was released from the doctor. The Full Commission issued its opinion and award on 15 April 1997, acknowledged the stay order issued by Judge Campbell, removed sanctions against IAEA, and affirmed the opinion and award of Deputy Commissioner Hoag with minor modifications. Able Body appeals.

Able Body contends the Industrial Commission erred in: (I) issuing its opinion and award in violation of the stay issued by the United States District Court for the Middle District of Tennessee; (II) failing to modify plaintiff's average weekly wage; and (III) imposing penalties on Able Body for the actions of IAEA.

A reviewing court does not weigh the evidence before the Industrial Commission in a workers' compensation case. *Mayo v. City of Washington*, 51 N.C. App. 402, 406, 276 S.E.2d 747, 750 (1981). This Court limits its review to: (1) whether any competent evidence in the record supports the Commission's findings of fact; and (2) whether such findings of fact support the Commission's conclusions of law. *Moore v. Davis Auto Service*, 118 N.C. App. 624, 627, 456 S.E.2d 847, 850 (1995). This standard provides that findings of fact made by the Commission are conclusive on appeal if supported by any competent evidence. *Adams v. Kelly Springfield Tire Company*, 123 N.C. App. 681, 682, 474 S.E.2d 793, 794 (1996). Thus, competent evidence prevails even if there is evidence which would support a finding to the contrary. *Id.* at 683, 474 S.E.2d at 795. While the scope of this Court's review of Commission findings is limited to a competent evidence standard, conclusions of law are entirely reviewable for error. *Grant v. Burlington Industries, Inc.*, 77 N.C. App. 241, 247, 335 S.E.2d 327, 332 (1985).

I.

[1] Defendant contends the Industrial Commission erred by issuing an opinion and award in violation of the stay order of the United States District Court. The pertinent order stays all litigation and other proceedings against IAEA. This argument is without merit because the Full Commission did not decide issues relating to defendant employer's insolvent insurance carrier IAEA. The only issues deter-

mined by the Full Commission were those between plaintiff employee and defendant employer. Additionally, the Full Commission could proceed against the employer Able Body because it found Able Body to be uninsured since IAEA is not qualified in North Carolina and Able Body had no copy of an insurance policy on file. N.C. Gen. Stat. § 97-95.1 (1991) provides that "[a]n employer must pay benefits to its employees, whether the employer has the necessary insurance, is self-insured, or has no insurance at all." *Ryles v. Durham County Hospital Corp.*, 107 N.C. App. 455, 461, 420 S.E.2d 487, 491, *disc. review denied*, 332 N.C. 667, 424 S.E.2d 406 (1992).

Moreover, even though the insurance carrier is insolvent, the employer remains primarily liable to an employee for a workers' compensation award because the employer "by contract, may secure liability insurance for his protection, but his obligation to the injured employee is unimpaired." *Roberts v. Coal Co.*, 210 N.C. 17, 21, 185 S.E. 438, 440 (1936). The employee is not charged with the responsibility of the insurance carrier's solvency and further, the employee has "a right to rely on the employer's care for his own protection in the selection of solvent insurers." *Id.* at 23, 185 S.E. at 442. Thus, the Full Commission did not violate the stay order when it determined Able Body's liability to plaintiff. Therefore, this assignment of error is overruled.

## II.

[2] Next, defendant claims the Industrial Commission erred in failing to modify the average weekly wage, which amount was stipulated to by plaintiff's attorney and defendant's first attorney. However, plaintiff contends defendant has waived this argument because defendant only preserved the issue of the validity of the opinion and award based on the stay order. Plaintiff points to Industrial Commission Rule 701 which provides, in part, that:

> (1) A letter expressing an intent to appeal shall be considered notice of appeal to the Full Commission within the meaning of N.C.G.S. 97-85, provided that it clearly specifies the Order of Opinion and Award from which appeal is taken.

> (2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant Form 44 upon which he must state the grounds for his appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and the pages in the transcript on which the alleged errors are recorded . . . .

*Faircloth v. N.C. Dept. of Transportation*, 106 N.C. App. 303, 305, 416 S.E.2d 409, 410 (1992). In the instant case, it appears from the record that the Full Commission did not change the stipulated amount for the average weekly wage in its findings of fact, nor did it even consider the affidavit submitted by defendant, because the Commission determined that this issue was not preserved.

We note that if findings of fact made by the Industrial Commission " 'are predicated on an erroneous view of the law or a misapplication of the law, they are not conclusive on appeal.' " *Radica v. Carolina Mills*, 113 N.C. App. 440, 446, 439 S.E.2d 185, 189 (1994) (quoting *Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106, *disc. review denied*, 332 N.C. 347, 421 S.E.2d 154 (1992)). Although Rule 701 provides that appellant must state with particularity the grounds for appeal,

> [t]his Court has held that when the matter is "appealed" to the full Commission pursuant to G.S. 97-85, it is the duty and responsibility of the full Commission to decide *all of the matters in controversy between the parties. Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 374 S.E.2d 610 (1988). In *Joyner*, we said, "[i]nasmuch as the Industrial Commission decides claims without formal pleadings, it is the duty of the Commission to *consider every aspect of plaintiff's claim* whether before a hearing officer or on appeal to the full Commission." *Id.* at 482, 374 S.E.2d at 613.

*Vieregge v. N.C. State University*, 105 N.C. App. 633, 638, 414 S.E.2d 771, 774 (1992), *disc. review denied*, 345 N.C. 354, 483 S.E.2d 192 (1997) (emphasis added).

In the instant case, the record reveals that the average weekly wage was incorrect. In the pretrial agreement, the employee's average weekly wage was stipulated at $279.00 per week. On the Form 18, plaintiff indicated that his weekly wage was $262.50. The record further reveals that plaintiff and defendant entered into a stipulation on 14 March 1996 that the average weekly wage of the employee at the time of said injury was $659.70 with a compensation rate of $440.02. A stipulation approved by the Commission "is binding absent a showing that 'there has been error due to fraud, misrepresentation, undue influence or mistake . . . [.]' " *Little v. Food Service*, 295 N.C. 527, 534, 246 S.E.2d 743, 747 (1978) (citations omitted). Defendant alleges there was a mutual mistake as to the amount of the average weekly wage.

The purpose of the Workers' Compensation Act is to provide payments based upon the actual loss of wages. *Foster v. Western-Electric Co.*, 320 N.C. 113, 117, 357 S.E.2d 670, 673 (1987). Thus, compensation is properly based on the loss of ability to earn. *Id.* An affidavit provided by Able Body to the Full Commission showed the actual average weekly wage earned by plaintiff was $157.80, instead of the stipulated amount of $659.70. Since an employee's recovery should be based on his actual loss of wages, the Full Commission erred when it refused to reconsider the amount for plaintiff's actual weekly wage. Thus, this finding of fact must be remanded to the Commission for a reconsideration of the amount of plaintiff's average weekly wage.

III.

**[3]** Defendant also contends the Full Commission committed reversible error by holding the employer responsible for the actions of IAEA through the issuance of penalties. Plaintiff again claims defendant waived this issue. As previously mentioned, the Full Commission's duty is "to decide all of the matters in controversy between the parties." *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988). Thus, we will address defendant's assignment of error.

In the instant case, IAEA ceased payments to plaintiff because IAEA erroneously determined that plaintiff had reached maximum capacity. "Unless the presumption is waived by the employee, no change in disability compensation may occur absent the opportunity for a hearing." *Kisiah v. W.R. Kisiah Plumbing*, 124 N.C. App. 72, 81, 476 S.E.2d 434, 439 (1996), *disc. review denied*, 345 N.C. 343, 483 S.E.2d 169 (1997). Able Body claims the sole party responsible for the cessation of payments was IAEA. However, this assertion is incorrect because the employer remains primarily liable to an employee for a workers' compensation award. *Roberts*, 210 N.C. at 21, 185 S.E. at 440.

**[4]** Defendant contends the Industrial Commission committed reversible error by refusing to credit payments already made to plaintiff. The Commission generally cites N.C. Gen. Stat. §§ 97-18 and 97-42 in support of its decision. N.C. Gen. Stat. § 97-42 provides that the Commission should only give credit for payments made by an employer if they " 'were not due and payable when made.' " *Kisiah*, 124 N.C. App. at 82, 476 S.E.2d at 440 (citation omitted). However, if

defendant[] accept[s] plaintiff's injury as compensable, then initiate[s] the payment of benefits, those payments were due and payable and were not deductible under the provisions of section 97-42, *so long as* the payments did not exceed the amount determined by statute or by the Commission to compensate plaintiff for his injuries.

*Moretz v. Richards & Assoc.*, 316 N.C. 539, 542, 342 S.E.2d 844, 846 (1986) (underlining added). In the instant case, IAEA arranged for medical treatment and paid plaintiff some temporary total disability weekly compensation from 11 May 1995 through 1 February 1996. Thereafter, payments terminated without Industrial Commission approval. Since defendant accepted plaintiff's injury as compensable, and thereafter initiated the payment of benefits, those payments were due and payable and were not deductible.

[5] The Full Commission concluded that Able Body should not receive credit for any payments made to plaintiff because Able Body wrongfully terminated payments to plaintiff without Industrial Commission approval, and because Able Body willfully failed to abide by the law and rules of the Industrial Commission. The Industrial Commission broadly states that Able Body must pay temporary total disability to plaintiff until further orders of the Industrial Commission. However, the Industrial Commission only has the authority to disallow credit for the payments so long as the payments did not exceed the amount determined by statute or by the Commission to compensate plaintiff for his injuries. Able Body cannot be penalized in this way for failure to abide by the Industrial Commission's rules. Although the disallowance of a credit cannot be used to increase the amount of the award, the Industrial Commission has other powers to assess penalties.

N.C. Gen. Stat. § 97-18 (1991) provides for penalties if compensation is not paid periodically, promptly, and directly to the employee entitled to it. More specifically, N.C. Gen. Stat. § 97-18(e) (1991) allows for a 10% penalty to be assessed for an unpaid installment if the payment is not made within 14 days after it becomes due. Further, N.C. Gen. Stat. § 97-18(g) (1991) allows a 10% penalty for any health care bill not paid within 60 days.

Defendant contends the Industrial Commission erred when it assessed a 10% penalty for a violation of N.C. Gen. Stat. § 97-18. However, there is competent evidence to support the Industrial Commission's decision to assess a 10% penalty for late payments

because plaintiff's payments were wrongfully terminated without Industrial Commission approval. Thus, this assignment of error is overruled.

**[6]** Finally, defendant claims the Full Commission erred by imposing a penalty of attorneys' fees and costs, including plaintiff's cost to attend the hearing. However, the Commission is allowed to award attorneys' fees to the employee, in addition to the compensation amount originally awarded. *Roberts*, 210 N.C. at 24, 185 S.E. at 442. Furthermore, N.C. Gen. Stat. § 97-80 (1991) provides the Industrial Commission with certain powers, including the taxing of costs and contempt powers; and N.C. Gen. Stat. § 97-88.1 (1991) allows the Industrial Commission to assess the entire costs, including attorneys' fees, when a case is unreasonably defended. To support the conclusion that defendants were responsible for costs and attorneys' fees, the Industrial Commission found that:

> 16. Beginning with a letter dated August 9, 1995, counsel for plaintiff has sought to have both defendants file a Form 21, and to otherwise comply with the provisions of the North Carolina Workers' Compensation Act and with the rules and regulations of the Industrial Commission. Defendants have refused to so comply.

> 17. Plaintiff was required to travel 500 miles each way from his home . . . to the hearing . . . and incurred $400.00 in extra living expenses while attending the hearing.

> 18. Plaintiff's counsel has been forced to expend unnecessary time in handling this case, including the preparation and attendance at the hearing before the Deputy Commissioner and the Full Commission and scheduling of depositions which were thereafter canceled by defendants.

These findings provide competent evidence to support the Industrial Commission's conclusion that defendant employer was responsible for costs and attorneys' fees. Thus, this assignment of error is overruled.

In conclusion, we affirm the Full Commission's determination that the opinion and award was not in violation of the stay order; we reverse and remand the finding on the amount of plaintiff's average weekly wage; we reverse the decision to disallow a credit to defendant for payments already made; we affirm the decision to assess a 10%

HBS CONTRACTORS, INC. v. NATIONAL FIRE INS. CO. OF HARTFORD

[129 N.C. App. 705 (1998)]

penalty for failure to provide prompt payments, said penalty to be assessed only after the average weekly wage is correctly determined; and we affirm the awarding of costs and attorneys' fees. For the foregoing reasons, the decision of the Full Commission is

Affirmed in part, reversed in part, and remanded.

Judges GREENE and LEWIS concur.