The majority in this matter found that plaintiff failed to file her claim within two (2) years of her injury and that it was therefore barred pursuant to the terms of G.S. 97-24. Because the Industrial Commission in fact had jurisdiction over plaintiffs claim, I respectfully dissent from the majoritys Opinion and Award.
It is not disputed that plaintiff sustained an injury by accident arising out of and in the course of her employment on 4 March 1993. At that time, plaintiff was employed by Ms. Elizabeth J. Stevenson, now deceased. Plaintiff filed an Industrial Commission Form 18 for her 4 March 1993 injury on 8 April 1993. Admittedly, at the time her claim was filed, Mr. Kenneth Bateman, and not the deceased employer, was named as a defendant. Nonetheless, plaintiff filed her claim within two (2) years of the date of her injury.
What this case turns on is the interpretation of the statutory language of G.S. 97-24(a)(i). The relevant portion of that section establishes that a claimant is barred from recovering compensation unless "a claim or memorandum of agreement as provided by G.S.97-82 is filed with the Commission . . . within two years after the accident. G.S. 97-24(a)(i). The majority of the Full Commission has treated this section as a statute of limitations, finding that plaintiff failed to timely file a claim against the estate of her deceased employer. However, this approach directly contradicts standing case law which holds that the requirement of filing a claim within two (2) years of the accident "is not a statute of limitations, but a condition precedent to the right to compensation. (emphasis added) Reinhardt v. Womens Pavillion,Inc., 102 N.C. App. 83, 401 S.E.2d 138 (1991). It is my opinion, for jurisdictional purposes, that this interpretation of G.S.97-24 means that the timely filing of a claim is a condition precedent to the Industrial Commission having jurisdiction. Nothing in the statutory language broadens this to require the identification of all possible defendants at the time an employee files their claim. Unfortunately for plaintiff, this broader reading is how the majority has applied this section of the Act in her case.
Upon the filing of her Form 18 on 8 April 1993, the condition precedent to the Industrial Commission having jurisdiction over plaintiffs claim was met. G.S. 97-24. It is my opinion that as of that date, under the law of this state, the Industrial Commission possessed the statutory authority and responsibility to determine what the consequences of plaintiffs compensable injury were, if any. Had the Full Commission taken that route, the longstanding principle that the Act should be "liberally construed to effectuate its intent would have been upheld. See, Johnson v.Asheville Hosiery Co., 199 N.C. 38, 153 S.E. 591 (1930); Robertsv. City Ice Coal Co., 210 N.C. 17, 185 S.E. 438 (1936); Barbourv. State Hosp., 213 N.C. 515, 196 S.E. 812 (1938).
For the foregoing reasons, I would reverse the decision of the Deputy Commissioner and respectfully dissent from the majoritys Opinion and Award.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER