MICHAEL SWIFT, Employee, Plaintiff v. RICHARDSON SPORTS LTD. PARTNERS, d/b/a CAROLINA PANTHERS, Employer, and LEGION INSURANCE COMPANY, c/o CAMERON M. HARRIS & COMPANY, Carrier, Defendants

No. COA07-685

(Filed 15 January 2008)

**1. Appeal and Error— preservation of issues—issue not raised in prior appeal—not waived**

Defendant did not waive review of the employer's liability for attorney fees in a workers' compensation case by not raising it in a prior appeal. The opinion from which the original appeal was taken awarded attorney fees pursuant to N.C.G.S. § 97-88.1, so that the applicability of N.C.G.S. § 97-88 to the facts of this case was not pertinent to the appeal.

**2. Workers' Compensation— attorney fees—findings—not sufficient**

Although the Industrial Commission acts in its discretion in a workers' compensation case in deciding whether to award attorney fees under N.C.G.S. § 97-88, its opinion must contain sufficient findings of fact for the court to resolve appellate issues. The Commission's findings and conclusions here are not sufficient to allow resolution of several appellate issues presented by the facts of this case, including the identity of the entity ordered to pay attorney fees.

**3. Workers' Compensation— attorney fees—placement of liability—order not clear**

The issue of whether an employer can ever be liable for payment of attorney fees under N.C.G.S. § 97-88 was not reached because the Industrial Commission did not state clearly whether it was imposing attorney fees on TIGA (Tennessee Insurance Guaranty Association) or on defendant-employer.

**4. Workers' Compensation— attorney fees—entity responsible—further findings needed**

A workers' compensation case was remanded for further findings where defendant argued that the Industrial Commission erred by entering its Opinion and Award in violation of a stay order against an insolvent insurer, but the relevance of the argument depends on whether the Commission was imposing attorney fees against an insolvent insurer (Legion), the insurance guaranty association (TIGA), defendant employer, or more than one of these.

Appeal by Defendant from an Order entered 6 February 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 29 November 2007.

*R. James Lore, for Plaintiff-Appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Hatcher B. Kincheloe and Shannon P. Metcalf, for Defendant-Appellants.*

ARROWOOD, Judge.

Richardson Sports d/b/a Carolina Panthers (Defendant) appeals from an Order of the North Carolina Industrial Commission granting a motion by Michael Swift (Plaintiff) for attorney's fees. We reverse and remand for additional findings.

The factual and procedural history of this case is summarized as follows: Plaintiff, who was previously employed by Defendant as a professional football player, suffered a compensable injury in December 1999. At the time of Plaintiff's injury, Defendant's workers' compensation insurance was provided by Legion Insurance Company (Legion). Plaintiff applied for workers' compensation benefits and a hearing was conducted before a Deputy Commissioner in November 2002. On 10 March 2003 the Commissioner entered an Opinion that awarded disability and medical benefits to Plaintiff, and attorney's fees to Plaintiff's counsel. Defendant and Legion appealed to the Full Commission. On 10 October 2003 the Commission issued an Opinion and Award adopting the Opinion of the Deputy Commissioner with modifications, and left the Commissioner's award of attorney's fees undisturbed. On 30 October 2003 the Commission filed an amendment to its Opinion, for reasons unrelated to the issue of attorney's fees.

Defendant and Legion appealed both the original and amended Opinions of the Commission. This Court issued an opinion on 5 April 2005. Following a rehearing, it issued a superceding opinion on 6 September 2005, affirming in part and reversing in part. *Swift v. Richardson Sports, Ltd.*, 173 N.C. App. 134, 620 S.E.2d 533 (2005) (*Swift I*), *disc. review denied*, 360 N.C. 545, 635 S.E.2d 61 (2006). In *Swift I*, this Court overruled Defendant's arguments challenging the Commission's "finding that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment[,]" *Id.* at 138, 620 S.E.2d at 536, its admission of certain evidence, and the Commission's award of 299 weeks of workers' compensation benefits. The Court reversed the Commission's ruling on the issue of Defendants' entitlement to credit for amounts paid after Plaintiff's injury, and "remanded to the Commission for the entry of an appropriate award which allows for a dollar-for-dollar credit." *Id.* at 143, 620 S.E.2d at 539.

Regarding attorney's fees, this Court noted that the Commission awarded attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1, which requires that before awarding attorney's fees, "the Commission must determine that a hearing 'has been brought, prosecuted, or defended without reasonable ground.' " *Id.* (quoting N.C. Gen. Stat. § 97-88.1). The Court held that the "opinion and award sheds no light whatsoever upon this question[,]" and remanded "this issue to the Full Commission for the entry of additional findings of fact and conclusions of law on the issue of attorney fees[.]" *Id.* The opinion directed that the Commission should "state the statute it relied upon in making the award and should make the necessary findings of fact and conclusions of law supporting the award." *Id.*

In sum, this Court upheld the Commission's award of 299 weeks of workers' compensation benefits, and rejected Defendants' arguments regarding compensability, admission of certain evidence, and the number of weeks' compensation. The Court reversed the Commission's calculation of the credit to which Defendants were entitled and its award of attorney's fees.

At the same time an arbitration proceeding was occurring under the NFL Collection Barganing Agreement. Pursuant to this arbitration and the settlement thereof, on 14 August 2006 the Tennessee Insurance Guaranty Association (TIGA) paid Plaintiff and his counsel $207,194.34. On 23 August 2006 Plaintiff filed a motion for attorney's fees and for approval of Plaintiff's attorney's fees contract, pursuant to N.C. Gen. Stat. §§ 97-88 and 97-90 (2005). On

6 February 2007 the Commission approved Plaintiff's attorney's fees contract and awarded Plaintiff's counsel attorney's fees of $69,064.78, pursuant to N.C. Gen. Stat. § 97-88. Defendant has appealed from this order.

Standard of Review

On appeal from the Industrial Commission:

> Our review of the Commission's opinion and award is limited to determining whether competent evidence of record supports the findings of fact and whether the findings of fact, in turn, support the conclusions of law. If there is any competent evidence supporting the Commission's findings of fact, those findings will not be disturbed on appeal despite evidence to the contrary. However, "[t]he Commission's conclusions of law are reviewed de novo."

*Rose v. City of Rocky Mount*, 180 N.C. App. 392, 395, 637 S.E.2d 251, 254 (2006) (quoting *Ward v. Long Beach Vol. Rescue Squad*, 151 N.C. App. 717, 720, 568 S.E.2d 626, 628 (2002)), *disc. review denied*, 361 N.C. 356, 644 S.E.2d 232 (2007) (citations omitted).

---

[1] Preliminarily, we address Plaintiff's argument that an employer's liability under N.C. Gen. Stat. § 97-88 is an issue that Defendant waived by failing to raise it on its previous appeal to this Court. In the Commission's October 2003 Opinion, from which Defendant originally appealed, the Commission awarded attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 (2005). Accordingly, the applicability of N.C. Gen. Stat. § 97-88 to the facts of this case was not pertinent to the appeal, and Defendant did not waive review by failing to raise it on its first appeal.

[2] The Commission's Opinion awards attorney's fees under N.C. Gen. Stat. § 97-88, which provides in pertinent part that:

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be deter-

mined by the Commission shall be paid by the insurer as a part of the bill of costs.

"This Court reviews the Commission's ruling on a motion for attorney's fees for an abuse of discretion." *Cox v. City of Winston-Salem*, 171 N.C. App. 112, 119, 613 S.E.2d 746, 750 (2005) (citing *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 394, 298 S.E.2d 681, 683 (1983)). However, although the Commission acts in its discretion in deciding whether to award attorney's fees under N.C. Gen. Stat. § 97-88, its Opinion must contain sufficient findings of fact for this Court to resolve appellate issues. *Hodges v. Equity Grp.*, 164 N.C. App. 339, 347, 596 S.E.2d 31, 47 (2004) ("As the Commission did not render any findings regarding [an issue pertinent to attorney's fees], this cause must be remanded to the Commission for further findings of fact and an entry of attorney's fees award reflective of [the Commission's findings on the issue.]"

In the instant case, the Commission's Opinion stated, in relevant part, the following:

> The Full Commission filed an Opinion and Award in the above captioned case . . . after the defendant appealed the award of the Deputy Commissioner below. . . . [A]n amended Opinion and Award was entered for the Full Commission on October 30, 2003. The case was appealed by the defense to the North Carolina Court of Appeals which issued its [first] decision on April 5, 2005[,] . . . [and a superceding] decision on September 6, 2005. . . . The case was remanded back to the Court of Appeals which in turn remanded the case to the Industrial Commission.

> Plaintiff[] filed a motion for attorney's fees and costs pursuant to N.C. Gen. Stat. § 97-88. Plaintiff's attorney submitted itemization of 187.5 total hours spent on appellate issues in this case. Considering the fact that the defense appealed and lost on both the issue of compensability, degree of disability and entitlement to medical compensation, further considering the risk of defense of such an appeal and the substantial time spent in defending the risk along with the skill and expertise of the plaintiff's counsel good cause exists for taxing the defense with plaintiff's attorney's fees otherwise due to be paid by the plaintiff.

> In the Commission's discretion, plaintiff's counsel is allowed reasonable attorney's fees for defendants' appeal of this matter and plaintiff's motion for attorney's fees is hereby GRANTED. In light

of the circumstances of this case, as well as the nature and extent of services provided, the Commission in its discretion finds that a reasonable attorney's fee to be taxed is $69,064.78. Therefore, pursuant to N.C. Gen. Stat. § 97-88, defendants shall pay plaintiff a reasonable attorney's fee of $69,064.78 as part of the costs of the appeal.

Plaintiff also has moved for Commission approval of a fee contract entered into by the parties[, that] . . . provides, from the date the record was filed at the Court of Appeals, for an attorney's fee of %33 1/3 of compensation awarded. This fee contract is reasonable under these circumstances and is hereby APPROVED and an attorney's fee of 33 1/3% of the benefits payable to plaintiff is awarded to plaintiff's counsel.

The Commission's Opinion adequately finds certain essential facts. It states its statutory basis (§ 97-88); enumerates factors the Commission considered in exercising its discretion (counsel's skill, the time spent, the outcome of Defendant's appeal); and specifies that attorney's fees are awarded for appellate costs (Plaintiff's contract provides for attorney's fees "from the date the record on appeal was filed."). Nonetheless, we conclude that the Commission's findings and conclusions are insufficient to allow us to resolve several other appellate issues presented by the facts of this case.

For example; Defendant argues that § 97-88 did not authorize the Commission to award attorney's fees, on the grounds that the statute requires the Commission to find that the proceedings at issue were "brought by the insurer." It appears from the record that attorney's fees were awarded on remand from this Court of an appeal taken by Defendant and its insurer, Legion from the Commission's Opinion and Award of October 2003. However, the Opinion fails to include the specific finding required under § 97-88 that "that such hearing or proceedings were brought by the insurer[.]"

Another issue raised on appeal is the identity of the entity ordered to pay attorney's fees. N.C. Gen. Stat. § 97-88 authorizes the Commission to tax attorney's fees to the insurer. In the instant case, the Commission ordered "defendants" to pay the attorney's fee. The Commission's use of the plural form, defendants, suggests that the Commission intended to order more than one defendant to pay fees. However, there are three possible "defendants" to whom the Commission might have been referring: Defendant, Legion, and TIGA.

Defendant and Legion are listed as party defendants on the case caption. However, Legion was in liquidation at the time the Commission's Opinion was entered and proceedings against it were therefore stayed. TIGA appears to have paid for Legion's liability in this case, but was not listed as a party on the case caption. Defendant argues that after proceedings against Legion were stayed "there was only one defendant" and "no viable 'insurer' to pay an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88[,]" which necessarily rendered the Commission's order one "compelling the payment of Plaintiff's attorney's fees by the employer." However, the record indicates that, although TIGA is no longer listed as a formal party on the case caption, TIGA paid for Legion's liability upon Legion's insolvency and thus may have functioned as a "viable insurer."

Following the Commission's entry of an Opinion and Award in October 2003, Defendants filed notice of appeal on 13 November 2003. The notice of appeal was filed by Defendant, Legion, and TIGA, which was designated in the case caption as "also appearing on behalf of Defendant-appellants." On 10 February 2004 Defendant filed a motion asking to add TIGA as an additional party. In its motion, Defendant stated that Legion had gone into liquidation proceedings, but that TIGA had "notified defense counsel of its agreement to fund this claim[.]" The Commission granted Defendant's motion on 11 February 2004, adding TIGA as a party to the appeal. However, on 19 February 2004 Defendant filed a motion for reconsideration of their motion, asking to remove TIGA as a named party. Defendant informed the Commission that TIGA had "agreed to accept the financial responsibility of this claim" but asserted that TIGA "cannot be named as a specific party to this lawsuit. In Tennessee, the case caption always remains as is, with the insolvent carrier listed as the carrier." Thus, Defendant's request to the Commission represented that, although TIGA would continue to provide coverage on the risk, certain technical requirements of Tennessee statutory law required TIGA to be removed from the case caption. However, the Commission's summary grant of Defendant's request fails to include any findings or conclusions about TIGA's relationship to Legion, or why the Commission granted Defendant's request to remove TIGA as a named party.

In support of its assertion that TIGA could not be listed as a party to the appeal, Defendant cited only Tennessee Code Ann. § 56-12-107(c)(1) and (2) (2000), which provides in pertinent part:

(1) Any action relating to or arising out of this part against the association shall be brought in a court in this state. Such court shall have exclusive jurisdiction over any action relating to or arising out of this part against the association[.]

(2) Exclusive venue in any action brought against the association is in the circuit or chancery court in Davidson County; provided, that the association may waive such venue as to a specific action.

(emphasis added). Defendant asserted that this statute "prohibits [TIGA] from being named as a party to a suit unless the venue of the suit is in Davidson County, Tennessee." But, Defendant did not articulate why its appeal from an award of workers' compensation benefits in North Carolina constituted an action "relating to or arising out of [the Tennessee Insurance Guaranty Statute]" or was an action brought "against the association[.]" Nor does the Opinion contain findings in this regard. Moreover, we note that under Tenn. Code Ann. § 56-12-107(b)(4) (2000), TIGA has the "right to intervene as a party before any court that has jurisdiction over an insolvent insurer as defined by this part[.]"

Additionally, cases from other jurisdictions have identified TIGA as a party in cases not brought in Tennessee. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674 (2d Cir. 1990); *General Elec. Co. v. Cal. Ins. Guar. Ass'n*, 997 S.W.2d 923 (Tex. Ct. App. 1999); *Colaiannia v. Aspen Indem. Corp.*, 885 P.2d 337, (Colo. Ct. App. 1994); *Maytag Corp. v. Tennessee Ins. Guaranty Ass'n*, 79 Ohio App. 3d 817, 608 N.E.2d 772 (1992). Accordingly, without findings and conclusions, Defendant's bare citation of the referenced statute does not clarify the basis for the Commission's granting Defendant's request to remove TIGA from the case caption. This issue is significant, because much of Defendant's argument rests on the proposition that TIGA had to be removed as a named party.

Defendant's arguments also assume that, upon its removal as a named party on the case caption, TIGA could no longer be considered a viable "insurer" in the case. However, Defendant cites no authority for this proposition, and the record shows that TIGA continued to provide risk coverage for Defendant, notwithstanding its removal from the case caption. On 14 August 2006 TIGA issued a check payable to Plaintiff in the amount of $207,194.34. The statement accompanying the check lists Defendant as "insured" and Plaintiff as "claimant."

As a Guaranty Association, TIGA may have been liable for payment of attorney's fees, and the Commission may have meant Legion and TIGA as the "defendants" referenced in its Opinion. Generally:

> [Guaranty Associations] are unincorporated associations created in various states throughout the country pursuant to their state statutes based upon the Post-Assessment Property and Liability Insurance Guaranty Association Model Act (the Model Act). The purpose of the Model Act is to protect policyholders and claimants . . . against the insolvency of a local insurer[.] . . . The Guaranty Associations are comprised of all insurance companies who are authorized to write casualty and property insurance policies in the particular state.

*Rhulen Agency*, 896 F.2d at 676. Regarding TIGA, the Tennessee Court of Appeals has stated:

> TIGA is a creature of statute established for the express purpose of avoiding "financial loss to claimants or policyholders because of the insolvency of an insurer." . . . The statutes also provide that TIGA "be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent."

*Tenn. Ins. Guar. Ass'n v. Ctr. Ins. Co.*, 2005 Tenn. App. LEXIS 340 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § § 56-12-102, and 107(a)(2) (2000)). Thus, the "guaranty association is designed to place claimants in the same positions they would have been in if the liability insurer had not become insolvent. Once an insurer is declared insolvent, the association steps into the shoes of the insurance company with all of the rights, duties and obligations of the insolvent insurer to the extent those obligations are defined by statute. TIGA is deemed to be the insurer to the extent of its statutory obligation on the claim." *Maytag Corp*, 79 Ohio App. 3d at 821, 608 N.E.2d at 775 (citing *Luko v. Lloyd's of London*, 393 Pa.Super. 165, 573 A.2d 1139 (1990); and *Washington Ins. Guar. Assn. v. Mullins*, 62 Wash. App. 878, 816 P.2d 61 (1991)).

N.C. Gen. Stat. § 58-48-5 (2005), states in pertinent part:

> The purpose of [the N.C. Insurance Guaranty Association] is to provide a mechanism for the payment of covered claims under certain insurance policies . . . and to avoid financial loss

to claimants or policyholders because of the insolvency of an insurer[.]

Accordingly, under either Tennessee or North Carolina law, it is possible that the Commission intended to impose the attorney's fees on the insurer and used the plural form "defendants" to encompass both the original insurer, Legion, as well as TIGA, the entity that assumed responsibility for Legion's obligations. However, the Commission failed to make findings or conclusions regarding (1) the basis for the Commission's allowing the removal of TIGA from the case caption; or (2) TIGA's liability for attorney's fees.

[3] The parties also present arguments on whether an employer can ever be liable for payment of attorney's fees under N.C. Gen. Stat. § 97-88. Plaintiff argues that North Carolina case law holds that if an employer fails to maintain workers' compensation insurance at all times, it becomes liable for obligations that would normally fall to the insurer. For example, in *Roberts v. Coal Co.*, 210 N.C. 17, 21, 185 S.E. 438, 440 (1936), the North Carolina Supreme Court considered whether "the employer under the Workmen's Compensation Act should be relieved of liability for the compensation to his injured employee by reason of the insolvency of his insurance carrier" and concluded that:

> The liability of the employer under the award is primary. He, by contract, may secure liability insurance for his protection, but his obligation to the injured employee is unimpaired. . . . "Into the construction of every act must be read the purpose of the Legislature, and the underlying purpose in this instance . . . was to give relief to workmen. This relief [is] . . . charged against the employer." . . . The statute requires the employer to insure and keep insured his liability[.] . . . [M]anifestly the insolvency of the insurer should not relieve the insured, nothing else appearing.

*Id.* at 21, 185 S.E. at 441 (quoting *C. & O. R. R. v. Palmer,* 149 Va. 560, 572, 140 S.E. 831, 835-36 (1927)). On the other hand, Defendant relies on the statutory language specifying that attorney's fees be paid by the "insurer." However, because the Commission does not state clearly whether it is imposing attorney's fees on TIGA or Defendant we do not reach the issue of whether Defendant could be liable for attorney's fees.

[4] We note that Defendant also argues that the Commission erred by entering its Opinion and Award in violation of a stay order. Again,

SWIFT v. RICHARDSON SPORTS LTD. PARTNERS

[188 N.C. App. 82 (2008)]

the relevance of this argument depends on whether the Commission was imposing attorney's fees against Legion, TIGA, Defendant, or more than one of these. We note, however, that in *Tucker v. Workable Company*, 129 N.C. App. 695, 501 S.E.2d 360 (1998), the Commission awarded Plaintiff workers' compensation benefits, attorney's fees, and a penalty against Defendant's insolvent insurer. Defendant appealed and argued that the Commission's award was entered in violation of a previously issued stay order that stayed "all litigation and other proceedings against [Defendant's insolvent insurer.]" This Court held:

> This argument is without merit because the Full Commission did not decide issues relating to defendant employer's insolvent insurance carrier IAEA. The only issues determined by the Full Commission were those between plaintiff employee and defendant employer. Additionally, the Full Commission could proceed against the employer Able Body because . . . even though the insurance carrier is insolvent, the employer remains primarily liable to an employee for a workers' compensation award . . . [and] "his obligation to the injured employee is unimpaired." . . . Thus, the Full Commission did not violate the stay order[.]

*Id.* at 699-700, 501 S.E.2d at 364 (quoting *Roberts*, 210 N.C. at 21, 185 S.E. at 440).

We conclude that the Commission's Order for·payment of attorney's fees must be reversed and remanded for additional findings and conclusions addressing (1) whether the insurer was a party to the appeal from the Deputy Commissioner; (2) the basis for the Commission's granting Defendant's request to remove TIGA from the case caption; (3) TIGA's liability for attorney's fees following the insolvency of Legion; (4) the identity of the entities the Commission ordered to pay attorney's fees; and (5) TIGA's relationship. to Defendant and to the insolvent insurer.

Defendant has also argued that the Commission erred by failing to conduct an evidentiary hearing. On remand, the Commission should conduct a hearing, if necessary, in order to resolve any genuine issues of fact arising from the issues presented.

Reversed and Remanded.

Judges TYSON and JACKSON concur.