***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, modifies and affirms *Page 2 
the Opinion and Award of the Deputy Commissioner, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over the subject matter of these proceedings, the parties are properly before the North Carolina Industrial Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all times relevant to these proceedings.
2. Defendant-Carrier provided workers' compensation insurance coverage for this matter.
3. An employment relationship existed between the parties at all times relevant to these proceedings.
4. On January 23, 1995, Plaintiff sustained a compensable work injury. On March 19, 2003, Deputy Commissioner Chrystal Redding Stanback filed an Opinion and Award in this matter finding that Defendants paid numerous medical and other bills in an untimely manner, and ordering Defendants to pay a 10 percent penalty on such bills. Due to the manner in which Defendants handled the matter, Deputy Commissioner Stanback retained jurisdiction for the purpose of monitoring future payment of medical and other bills. Following the filing of the March 19, 2003 Opinion and Award, Plaintiff's counsel filed a number of additional motions with Deputy Commissioner Stanback regarding Defendants' failure to timely pay or authorize treatment. *Page 3 
5. On February 9, 2004, Deputy Commissioner Stephen T. Gheen issued an Order granting Plaintiff's Motion to Show Cause, and setting the contempt hearing for April 27, 2004.
6. The Deputy Commissioner admitted the following documents into evidence as exhibits:
 a. Plaintiff's Exhibit One (1) — May 17, 2001 Order by Executive Secretary Tracey H. Weaver;
 b. Plaintiff's Exhibit Two (2) — March 19, 2003 Opinion and Award by Deputy Commissioner Chrystal Redding Stanback;
 c. Plaintiff's Exhibit Three (3) — Correspondence dated May 1, 2003 from Plaintiff's counsel to Defendants' counsel;
 d. Plaintiff's Exhibit Four (4) — Correspondence dated September 26, 2003 from Ms. Phyllis Greenberg to Plaintiff's counsel;
 e. Plaintiff's Exhibit Five (5) — Notes from Human Resource Consultants, P.A.;
 f. Plaintiff's Exhibit Six (6) — Bill dated April 14, 2003 from Capital Neurology;
 g. Plaintiff's Exhibit Seven (7) — Correspondence dated April 26, 2004 from Ms. Laura Haggett to Plaintiff's counsel;
 h. Plaintiff's Exhibit Eight (8) — Check dated October 15, 2003 from Defendant-Carrier to Plaintiff;
 i. Plaintiff's Exhibit Nine (9) — Check dated October 17, 2003 from Defendant-Carrier to Human Resource Consultants, P.A.; *Page 4 
 j. Plaintiff's Exhibit 10 — Check stub dated April 8, 2003 from Defendant-Carrier to Plaintiff;
 k. Plaintiff's Exhibit 11 — Check stub dated April 24, 2001 from Defendant-Carrier to Plaintiff;
 l. Plaintiff's Exhibit 12 — Check stub dated November 1, 2001 from Defendant-Carrier for a penalty payment;
 m. Plaintiff's Exhibit 13 — Various prescription medication bills and related documents of Plaintiff;
 n. Plaintiff's Exhibit 14 — Summary of the deposition of Brenda M. Johnson, R.N., A.A.S.N.;
 o. Plaintiff's Exhibit 15 — "Progress Report" of Brenda M. Johnson, R.N., A.A.S.N. dated March 8, 2002;
 p. Plaintiff's Exhibit 17 — "Physical Therapy Reevaluation" form dated April 16, 2004;
 q. Plaintiff's Exhibit 18 — Correspondence dated April 1, 2003 from Plaintiff's counsel to Deputy Commissioner Stanback;
 r. Plaintiff's Exhibit 19 — Correspondence dated April 4, 2003 from Defendants' counsel to Deputy Commissioner Stanback;
 s. Plaintiff's Exhibit 20 — Correspondence dated September 15, 2003 from Defendants' counsel to Deputy Commissioner Stanback;
 t. Plaintiff's Exhibit 21 — Progress note by Dr. David Harry Cook dated September 3, 2003; *Page 5 
 u. Plaintiff's Exhibit 22 — Correspondence dated October 1, 2003 from Plaintiff's counsel to Deputy Commissioner Stanback;
 v. Plaintiff's Exhibit 23 — Correspondence dated October 10, 2003 from Defendants' counsel to Deputy Commissioner Stanback;
 w. Plaintiff's Exhibit 24 — Correspondence dated December 1, 2003 from Ms. Julie Richards to Plaintiff;
 x. Plaintiff's Exhibit 25 — Prescription for home assistance by Dr. Cook dated August 26, 2003;
 y. Plaintiff's Exhibit 26 — Prescription for household assessment and assistance by Dr. Cook dated August 27, 2002;
 z. Plaintiff's Exhibit 27 — Correspondence dated February 23, 2004 from Dr. Cook to Plaintiff's counsel;
 aa. Plaintiff's Exhibit 28 — Correspondence dated December 1, 2003 from Dr. Cook to Ms. Anne B. Hutchison;
 bb. Plaintiff's Exhibit 29 — February 9, 2004 Order by Deputy Commissioner Stephen T. Gheen;
 cc. Plaintiff's Exhibit 30 — Correspondence dated March 24, 2004 from Plaintiff's counsel to Defendants' counsel and discovery;
 dd. Plaintiff's Exhibit 31 — Correspondence dated February 23, 2004 from Mr. Milton Walker;
 ee. Plaintiff's Exhibit 32 — Correspondence dated December 11, 2003 from Dr. Warner Lee Wells Edmundson.
 *********** *Page 6 ORDER
The reports of Industrial Commission Nurse Karen Smith, the letters and orders of Chief Medical Fee Examiner Christine Williams and the medical bills generated after the contempt hearing are admitted into evidence.
 ISSUES
The issues to be determined are:
1. Whether Defendants should be held in contempt?
2. Whether the Full Commission should receive new evidence into the record concerning the records subpoenaed by Plaintiff from Defendants?
3. Whether the Deputy Commissioner erred in failing to rule on Plaintiff's motions and whether the Deputy Commissioner failed to close the record before filing the January 14, 2005 Opinion and Award?
 ***********
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Full Commission takes judicial notice of the stipulations in the March 19, 2003 Opinion and Award of Deputy Commissioner Stanback, and all prior Opinions and Awards, Orders, and North Carolina Industrial Commission forms and filings, and incorporates the same by reference herein.
2. On April 6, 1994, Plaintiff sustained a specific traumatic incident to her back while working for Defendant-Employer unpacking office items from boxes. *Page 7 
3. On January 23, 1995, Plaintiff sustained another specific traumatic incident while working for Defendant-Employer, causing an aggravation of her back condition.
4. As a result of Plaintiff's April 6, 1994 and January 23, 1995 work injuries, the Full Commission filed an Opinion and Award on July 28, 1999 (and amended it with minor modifications on January 31, 2000), concluding that Plaintiff has chronic back pain, difficulty sitting and standing for extended periods of time, and psychological problems, including anxiety and the inability to concentrate or pay attention for prolonged periods of time. Plaintiff's treating psychologist opined that her psychological conditions totally disabled her, and did not feel that these conditions would likely change. Plaintiff's other treating physicians, Dr. Dennis Eugene Bullard, a neurosurgeon, Dr. Timothy Bryan Garner, another neurosurgeon, and Dr. Edward Booth Yellig, a general practitioner, all opined that Plaintiff is permanently disabled.
5. The July 28, 1999/January 31, 2000 Full Commission Opinion and Award ordered Defendants to pay Plaintiff ongoing temporary total disability compensation at the rate of $478.00 per week, and all medical/psychological expenses incurred or to be incurred by Plaintiff as a result of her work injuries which may reasonably be required to effect a cure, to give relief, and/or to lessen her period of disability.
6. On May 17, 2001, Executive Secretary Tracey H. Weaver issued an Order requiring Defendants to pay for Plaintiff's past and future medical treatment related to the April 6, 1994 and January 23, 1995 work injuries, and assessing a late payment penalty for failure to do so in a timely manner after Defendants failed to authorize and pay for medical treatment. On March 19, 2003, Deputy Commissioner Crystal Redding Stanback filed an Opinion and Award finding that Defendants paid numerous medical and other bills in an untimely manner, ordering Defendants to pay a 10 percent penalty on such bills, and retaining jurisdiction over the matter for *Page 8 
the purpose of monitoring future payment of Plaintiff's medical and other bills. Subsequent to the March 19, 2003 Opinion and Award, Plaintiff's counsel filed a number of additional motions with Deputy Commissioner Stanback regarding Defendants' failure to timely authorize and pay for medical/psychological treatment.
7. On February 9, 2004, Deputy Commissioner Stephen T. Gheen issued an Order granting Plaintiff's Motion to Show Cause, and on April 27, 2004, Deputy Commissioner Dollar presided over the contempt hearing. In the January 14, 2005 Opinion and Award, Deputy Commissioner Dollar found that Defendants continued to authorize and pay for Plaintiff's medical/psychological treatment in an untimely manner. However, Deputy Commissioner Dollar did not find Defendants' actions to be willful, and thus did not hold Defendants in contempt.
8. Following the filing of the March 19, 2003 Opinion and Award of Deputy Commissioner Stanback, the Full Commission finds herein that Defendants continued to authorize and pay for medical/psychological treatment in an untimely manner.
9. The Full Commission referred matters relating to unpaid medical/psychological bills to the Medical Fee Section of the North Carolina Industrial Commission in order to assist in facilitating payments. On July 21, 2006, former North Carolina Industrial Commission Medical Fee Examiner Christine Williams sent correspondence to Defendants attaching more than 15 bills from Capital Neurology that Defendants paid in an untimely manner and four (4) bills where a service code was unpaid. These bills covered the period from January 28, 2003 through May 18, 2005. Ms. Williams ordered that Defendants pay a 10 percent penalty on these untimely payments.
10. On July 24, 2006, the Full Commission filed an Order referring this matter to Karen Smith, Director of the North Carolina Industrial Commission Nurses Section to coordinate *Page 9 
medical and attendant care needs and services for Plaintiff. On September 8, 2006, Ms. Smith submitted an "Initial Report" in which she noted that Plaintiff was "receiving appropriate medical care from appropriate providers at this time," and recommended several things, including more hours of housekeeping services per week, yard maintenance services, a medical alert system, cleaner and more reliable transportation to appointments when needed, and possibly a life care plan. Ms. Smith also noted that she would accompany Plaintiff to some of her physician visits as needed, and facilitate bringing any outstanding medical/psychological bills up-to-date.
11. On May 5, 2007, Ms. Christine Williams sent correspondence to Defendants noting that Defendants failed to pay bills for 10 service dates from April 24, 2006 through November 16, 2006 from Raleigh Psychiatric Associates. Again, Ms. Williams ordered that Defendants pay a 10 percent penalty on these untimely payments.
12. On June 1, 2007, Nurse Karen Smith submitted a "Progress Report" in which she noted that the payment of Plaintiff's medical/psychological bills was up-to-date with the possible exception of one (1) payment. Ms. Smith did not change her assessment that Plaintiff continued to receive appropriate care, or the recommendations she initially made. On May 27, 2009, Ms. Smith submitted a "Closure Report" in which she continued to note that Plaintiff was receiving appropriate care, and that she was unaware of any untimely payment of medical/psychological bills. Ms. Smith spent numerous hours managing Plaintiff's medical and attendant care needs.
13. Over the course of several years, Plaintiff's counsel filed multiple Motions to Compel and ultimately a Motion to Show Cause due to Defendants' pattern of not paying medical/psychological bills in a timely manner and their refusal to pay a 10 percent penalty on untimely payments. Defendants' conduct necessitated years of litigation in order to get Plaintiff's *Page 10 
medical/psychological bills paid and necessary medical services provided, even though the Industrial Commission previously ordered payment of these bills and services.
14. Although the Full Commission finds that some of the instances in which Defendants paid medical and other bills in an untimely manner were due to the failure of healthcare providers to properly submit bills and due to Plaintiff's practice of "batch billing" over the course of several weeks or months, there were numerous other instances in which Defendants paid medical and other bills in an untimely manner without a justifiable excuse. To the extent that Defendants have not already done so, Defendants are required to pay a 10 percent late penalty for any of Plaintiff's medical and other related bills reasonably related to her April 6, 1994 and January 23, 1995 work injuries, which have not paid within 60 days of the proper submission of the bills for payment.
15. The Full Commission finds, based upon the greater weight of the evidence, that Defendants' actions caused hardship to Plaintiff. In some instances, Plaintiff either did not receive the medical and other treatment and assistance she needed, as directed by her treating healthcare providers and as ordered by the Industrial Commission, or she received such treatment and services many weeks or months after being ordered by her treating healthcare providers or the Industrial Commission. Also, due to the late payment of Plaintiff's medical bills, at least one (1) healthcare provider refused to provide any further treatment to her.
16. Based upon the greater weight of the evidence, the Full Commission finds that Defendants' conduct in this matter does not rise to the level of willful or intentional conduct, but Defendants' pattern of repeatedly failing to pay Plaintiff's medical and other related bills in a timely manner, and in failing to provide timely medical/psychological treatment was unreasonable. Thus, the Full Commission finds that Defendants should not be held in contempt. However, *Page 11 
Defendants' repeated failure to abide by the terms of Industrial Commission Orders causing the protracted litigation herein was tantamount to the constructive initiation of litigation and constituted stubborn, unfounded litigiousness.
17. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff's counsel and Defendants' counsel expended many hours sorting through medical/psychological bills and trying to facilitate needed medical/psychological treatment for Plaintiff. The Full Commission further finds that Defendants' counsel fully cooperated with Plaintiff's counsel and was proactive in this effort.
18. As a result of Defendants' conduct, Plaintiff's counsel has expended numerous hours in efforts to compel Defendants to authorize medical and other treatment ordered or directed by Plaintiff's treating healthcare providers and the Industrial Commission and in efforts to compel Defendants to pay medical and other bills in a timely manner as ordered by the Industrial Commission. The Full Commission finds that Plaintiff's counsel is entitled to attorney's fees for the time and effort expended in compelling Defendants to do that which they were already obligated to do pursuant to various Industrial Commission Orders and Opinions and Awards. Plaintiff's counsel shall submit an affidavit setting forth the time expended, his experience and his usual hourly rate, within 10 days of the date of the filing of this Opinion and Award.
19. The Full Commission previously determined that the medical/psychological treatment for which Plaintiff's counsel repeatedly sought authorization was reasonably required to effect a cure, to give relief, and/or to lessen her period of disability, and appropriate treatment continues to be necessary. *Page 12 
20. All of the entities involved in this matter should continue to communicate and cooperate regarding the medical and other treatment and assistance Plaintiff may need in the future and as to payment for such services in a timely manner.
21. At the December 2, 2009 review before the Full Commission, the parties raised the issue of whether Plaintiff needs a life care plan at this time. After careful consideration of this matter, and taking into account the severe and progressively degenerating nature of Plaintiff's back complaints, along with her advanced age, the Full Commission finds that Plaintiff would benefit from the parties consulting with a life care planner for the limited purpose of determining whether a life care plan is appropriate for Plaintiff at this time.
22. Plaintiff has filed a motion requesting that new evidence be received into the record relating to some records subpoenaed by Plaintiff.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Section 5A-21 of the North Carolina General Statutes provides the following:
 Failure to comply with an order of a court is a continuing civil contempt as long as: (1) The order remains in force; (2) The purpose of the order may still be served by compliance with the order; (2a) The noncompliance by the person to whom the order is directed is willful; and (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order. N.C. Gen. Stat. § 5A-21(a) (2008).
2. Defendants are not in compliance with the prior Orders and Opinions and Awards of the North Carolina Industrial Commission with respect to the authorization of medical and *Page 13 
other treatment and assistance directed by Plaintiff's treating healthcare providers and the payment of medical and other bills in a timely manner. N.C. Gen. Stat. § 97-25 (2008).
3. Although some of the instances in which Defendants paid Plaintiff's medical and other bills in an untimely manner were due to the failure of healthcare providers to properly submit bills and due to Plaintiff's practice of "batch billing" over the course of several weeks or months, there were numerous other instances in which Defendants paid medical and other bills in an untimely manner without a justifiable excuse. Defendants are obligated to pay a 10 percent late penalty for any of Plaintiff's medical or other bills reasonably related to her April 6, 1994 and January 23, 1995 work injuries, which were not paid within 60 days of proper submission. N.C. Gen. Stat. § 97-18(i) (2008).
4. Defendants' conduct in this matter does not rise to the level of willful or intentional conduct. Accordingly, Defendants are not in contempt. However, Defendants' pattern of repeatedly failing to pay Plaintiff's medical and other related bills in a timely manner, repeatedly failing to provide timely medical/psychological treatment as directed by authorized treating physicians, and repeatedly failing to abide by the terms of Industrial Commission Orders and Opinion and Awards which has led to protracted litigation, constituted stubborn, unfounded litigiousness and Plaintiff is entitled to attorney fees as a sanction. N.C. Gen. Stat. § 5A-21, N.C. Gen. Stat. §§ 97-80(g), 97-88.1 (2008).
5. Plaintiff's counsel is entitled to attorney's fees for the time and effort expended in compelling Defendants to authorize medical and other treatment and assistance directed by Plaintiff's treating healthcare providers and in compelling Defendants to pay medical and other bills in a timely manner. Plaintiff's counsel shall submit an affidavit setting forth the time expended, his usual hourly rate, and level of experience within 10 days of the date of the filing of *Page 14 
this Opinion and Award. N.C. Gen. Stat. § 97-88.1 (2008);Allen v. SouthAg Manufacturing,167 N.C. App. 331, 605 S.E.2d 209 (2004); Tucker v. WorkableCo., 129 N.C. App. 695, 501 S.E.2d 360 (1998).
6. Plaintiff is entitled to have Defendants pay for consultation with a life care planner for the limited purpose of determining whether a life care plan is appropriate for Plaintiff at this time. The parties shall confer to determine if a life care planner is necessary, and if so, to select a mutually agreeable life care planner. If the parties do not agree upon a life care planner within 10 days of the filing of this Opinion and Award, then Nurse Karen Smith will select a life care planner within 45 days thereafter. The parties are not required to submit further reports to the Full Commission if there are no disputes regarding the life care planner. N.C. Gen. Stat. §§ 97-2(19); 97-25; 97-25.1 (2008).
7. Plaintiff's motion to receive new evidence into the record relating to the records subpoenaed by Plaintiff should be denied.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff's motion to have Defendants found in contempt is DENIED.
2. Defendants are assessed a 10 percent late penalty for any of Plaintiff's medical or other bills reasonably related to her April 6, 1994 and January 23, 1995 work injuries which were not paid within 60 days of the proper submission of the bills for payment.
3. Defendants are hereby ordered to pay attorney fees in an amount to be determined by the Full Commission as a sanction for Defendants' stubborn, unfounded litigiousness. *Page 15 
Plaintiff's counsel shall submit an affidavit setting forth his usual hourly rate, his level of experience and the time expended in compelling Defendants to authorize medical and other treatment and assistance directed by Plaintiff's treating healthcare providers and to pay medical bills in a timely manner as ordered by previous Orders and Opinion and Awards of the Industrial Commission.
4. Defendants shall pay for consultation with a life care planner for the limited purpose of determining whether a life care plan is appropriate for Plaintiff at this time. IT IS ORDERED that the parties shall confer to determine if a life care planner is necessary, and if so, to select a mutually agreeable life care planner. If the parties do not agree upon a life care planner within 10 days from the date of this Opinion and Award, then Nurse Karen Smith shall select a life care planner within 45 days thereafter. Counsel for Plaintiff shall notify Nurse Smith whether the parties are in agreement. The parties are not required to submit further reports to the Full Commission if there are no disputes regarding the life care planner.
5. Defendants shall pay the costs of these proceedings.
6. Plaintiff's motion to receive new evidence into the record relating to the records subpoenaed by Plaintiff is DENIED.
This the ___ day of March 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: *Page 16 
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1